



# IN THE CIRCUIT COURT OF WASHINGTON COUNTY, ARKANSAS
## CIVIL DIVISION

**CHRISTOPHER CODY LITTLETON**                    **PETITIONER**

VS.             **NO. CV-2012-2674-4**

**STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY**                **DEFENDANT**

## COMPLAINT FOR VIOLATION OF A.C.A. 23-89-208 AND COMPLAINT FOR BAD FAITH

Comes now the Petitioner, Christopher Cody Littleton and for his Complaint states as follows:

### PARTIES AND JURISDICTION

1.     The Plaintiff is a citizen and resident of Washington County, Arkansas and has been at all times relevant to this action.

2.     State Farm Mutual Automobile Insurance Company is an insurance company authorized to issue policies of motor vehicle liability insurance in the State of Arkansas and its principal place of business in the State is located in Little Rock, Arkansas. The agent for service is the Insurance Commissioner, John Wells, State Farm Insurance, 4600 E. McMain, North Little Rock, 72117.

3.     All facts stated herein occurred in Washington County, Arkansas.

Copy

4.      This Court is the court of proper jurisdiction.

5.      This Court is the court of proper venue.

## FACTS COMMON TO ALL COUNTS

6.      On July 18, 2012, the Plainitff was involved in a motor vehicle accident with Gerald Peters in which the Plaintiff received injuries and health care treatment.

7.      On or about July 22, 2012 attorney for the Plaintiff notified the Defendant of the motor vehicle accident and opened a claim for medical benefits.

8.      On or about September 5, 2012, attorney for the Plaintiff forwarded all of the related medical bills in the amount of $4,852.00 and the corresponding medical records to the Defendant and requested they be paid under the PIP coverage.

9.      The Plainitff retained a fax confirmation sheet showing proof the documents were received by the Defendant on September 5, 2012

10.     Arkansas law indicates that a "proof of loss" has been furnished to an insurance carrier when the medical bills and records are received by the insurance carrier.

11.     Under Arkansas law, the Defendant received the Plaintiff's "proof of loss" on September 5, 2012.

12.     Arkansas law requires the Defendant to pay the outstanding medical bills related to an accident as they accrue and further states that they are overdue if not paid within thirty days of receiving a proof of loss. *A.C.A. 23-89-208 (a)&(b).*

2



13.     The Defendant had until October 6, 2012 to pay the outstanding medical bills as required by Arkansas law.

14.      To date, the Defendant has only paid $3,806.50 of $4,852.00 in medical bills incurred by the Plaintiff and owes an additional $1,045.50 under Arkansas law.

15.     The Plaintiff is entitled to $1,045.50 in overdue benefits, reasonable attorney fees, 12% penalty and interest from September 8, 2012 until the case is resolved. *A.C.A. 23-89-208 (f)*.

## COUNT I.
### VIOLATION OF *A.C.A. 23-89-208*

16.     Petitioner incorporates all allegations set forth in paragraphs 1 through 15 of this Petition into Count I as if set forth word for word herein.

17.     The Plaintiff made a claim for payment of the $4,852.00 under the medical payment policy provision of the policy with the Defendant and the Defendant only paid $3,806.50.

18.     Plaintiff is entitled to the benefit of his contract with Defendant and a finding should be made by this Court that Defendant has violated A.C.A. 23-89-208 by refusing to pay the balance of the $1,045.50 in medical bills within 30 days after receiving the proof of loss from the Plaintiff pursuant to Arkansas law.

19.     The Plaintiff is further entitled to damages for the loss of use of the settlement proceeds, including prejudgment interest; for attorneys fees and expenses; and for the statutory 12% penalty and interest on the breach and pursuant to *A.C.A. 23-89-208*.

3



27.     State Farm is aware that it lacks any contractual payment agreements with the providers in this case and takes the illegal reductions in hopes that the provider or their insured will not complain about the oppressive tactics employed by State Farm.

28.     These dishonest and oppressive tactics serve only to pad the profit margins of the Defendant by refusing to pay the full value of valid claims under Arkansas law and daring the providers or the insured to sue them.

29.     The Defendant's dishonest and oppressive conduct constiture bad faith in the State of Arkansas.

WHEREFORE, premises considered, Plainitff prays damages against the defendant for violating A.C.A. 23-89-208 in the amount of $1,045.50, for prejudgment and post judgment interest, for a 12% statutory penalty, costs and a reasonable attorneys fee and for a jury trial on the Bad Faith claim with damages not to exceed $35,000.00.00.

Bill G. Horton, ABA# 2002200
NOLAN, CADDELL & REYNOLDS, P.A.
5434 Walsh Lane
Rogers, AR 72758
(479) 464-8269
FAX (479) 464-8287

5