

IN THE CIRCUIT COURT OF WASHINGTON COUNTY, ARKANSAS
CIVIL DIVISION

2013 DEC 10 PM 1: 57

CHRISTOPHER CODY LITTLETON, Individually
And on behalf of all others similarly situated,

    Plaintiffs

vs.    No. CV-2012-2674-4

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant.

## CLASS ACTION COMPLAINT

Plaintiff, Cody Littleton, brings this class action on behalf of himself and all others similarly situated, by and through undersigned counsel, and for his Complaint against State Farm Mutual Automobile Insurance Company ("Defendant" or "State Farm") states and alleges as follows:

### INTRODUCTION

1. This is a class action being brought by Plaintiff individually and on behalf of a class of similarly situated insured customers or former customers of Defendant whose bills for medical services were improperly discounted upon a purported "network" discount.

2. As detailed herein, State Farm improperly reduced payments to Plaintiff and the putative Class by claiming the benefits of Participating Provider Agreements ("PPAs") to which State Farm was not a party. More specifically, Plaintiff and each member of the Class remitted medical bills to State Farm, along with a demand for full payment of these medical bills under their Med Pay and/or PIP coverage. Rather than fulfill this obligation, State Farm systematically imposed improper "network" reductions



on its payouts for covered medical services. Through this scheme, State Farm has improperly withheld payment for otherwise valid insurance claims. State Farm is not entitled to retain these monies, nor is it otherwise entitled to any "network" discounts.

3. State Farm's actions constitute, *inter alia*, a breach of the insurance contract.

## JURISDICTION AND VENUE

4. Plaintiff and all proposed class members are citizens of the State of Arkansas. Defendant is an insurance company authorized to do business in the State of Arkansas, and, at all relevant times hereto, was engaged in the marketing, sale and issuance of automobile insurance policies in the State of Arkansas.

5. The compensatory damages being sought by Plaintiff do not exceed $75,000, and upon information and belief, no individual member of the Class would possess a compensatory damage claim in excess of $75,000. Additionally, the aggregate compensatory damages claimed by Plaintiff and the Class, exclusive of attorney's fees and costs, are below the $5,000,000 federal jurisdictional threshold under the Class Action Fairness Act ("CAFA").

6. Accordingly, this Court has jurisdiction over the parties and the subject matter of this action, and venue is proper.

## PARTIES

7. Plaintiff, Cody Littleton, resides in Washington County and is a citizen of the state of Arkansas. Plaintiff has contracted with the Defendant for automobile insurance which would pay up to $5000.00 of his medical bills in the event he was injured in a motor vehicle accident. On July 18, 2012, Mr. Littleton was involved in an



automobile accident in which he received injuries. Mr. Littleton received medical treatment for his injuries and submitted his medical bills, totaling $4,852.00, and records to State Farm for payment under his Med Pay policy. Rather than pay the full amount billed, State Farm discounted said bills more than $1000.00 claiming a "network" adjustment with Mr. Littleton's healthcare provider. However, Mr. Littleton's healthcare provider has no agreement with State Farm to accept a "network" adjustment. Thus, Mr. Littleton remains liable for the balance of the unpaid medical bills. Therefore, State Farm has no basis for failing to pay the full medical bills. Mr. Littleton still has an outstanding balance with his provider in excess of $1000.00 and has the funds under his med pay policy to pay those outstanding charges.

8. Defendant, State Farm, is a mutual insurance company that owns numerous companies. Defendant's corporate headquarters is located at One State Farm Plaza, Bloomington, Illinois. Defendant conducts business in Arkansas and throughout most of the United States and Canada through insurance agents and other company personnel.

## COMMON FACTUAL BACKGROUND

9. According to Defendant's marketing materials it insures about one in every five cars on the road, making it the single largest auto insurer in the nation, a position that it has held since 1942. Defendant is also the largest automobile insurer in the state of Arkansas.

10. Plaintiff, like all proposed class members, entered into an automobile insurance contract with State Farm. The insurance contract, under its Med Pay or PIP

provisions, obligates State Farm to pay up to $5000.00 of the insureds' medical bills in the event of injury in a motor vehicle accident.

11. Plaintiff, and each member of the Class, were injured in an automobile accident and submitted a claim to State Farm for payment of medical bills, within policy limits, pursuant to their Med-pay or PIP coverage.

12. Pursuant to Arkansas law, Ark. Code Ann. § 23-89-208, the medical bills are required to be paid on an accruing basis within 30 days of receipt by State Farm.

13. Notwithstanding, State Farm did not timely remit full payment of the Plaintiff's and Class Member's medical bills. Instead, State Farm reduced Plaintiff's and each Class Member's bills based on a "network" discount. As such, Plaintiff's and the Class Members' medical bills were paid by State Farm in an amount less than the amount of the submitted medical expenses, with the total amount paid by State Farm being an amount less than the Med-pay or PIP policy limit stated in the insurance contract between State Farm and the insureds.

14. However, State Farm is not entitled to the purported "network" discount because State Farm does not maintain provider agreements entitling it to "network" adjustments and has never became a legitimate participate in the provider "networks."

15. State Farm's manipulation of network coverage is commonly referred to within the insurance industry as a "silent PPO." A silent PPO is an arrangement where an organization buys or uses a discounted rate for services from a health care provider without the provider's authorization. Silent PPOs improperly provide access to provider discounts after services are provided.



16. State Farm has engaged in the alleged conduct to improperly reduce benefits to its insureds.

17. State Farm's actions are not contemplated by the contract of insurance. Moreover, the purported "network" adjustments are improper because the medical payment benefits flow to the insured, not the insurer.

## COMMON CONTROLLING LAW

18. Defendant's internal policies dictate that all policyholders or insured customers be treated consistent with the requirements of the laws and regulations of the appropriate state. Arkansas law controls how insured's who reside in Arkansas must be treated by Defendant.

19. State Farm is required by statute and its policy to remit full payment for its insured's reasonable medical bills within 30 days on an accruing basis. All Class members are insureds of State Farm whose medical bills State Farm is required to pay in this manner. State Farm is in violation of this requirement by failing to remit that full payment to the Class members' medical providers on the basis that it is claiming a "network" adjustment when Class members' medical providers have no such agreement to accept a network adjustment in place with State Farm.

## CLASS ACTION ALLEGATIONS

20. This action is brought by Plaintiff as a class action, on his own behalf and on behalf of all others similarly situated, under the provisions of Rules 23(a) and 23(b)(3), or alternatively 23(b)(2), of the Arkansas Rules of Civil Procedure, for declaratory judgment, monetary restitution, plus interests, injunctive relief, costs and



attorney's fees. Plaintiff seeks certification of this action as a class action on behalf of the following class:

> Residents of the State of Arkansas who
>
> (a) were injured in an automobile accident; (b) submitted a claim to State Farm for payment of medical bills under Med-pay or PIP coverage in a Policy; (c) had their claim adjusted based upon a recommended reduction from alleged network discounts relating in any way to reasonable expenses for necessary medical services; (d) were paid by State Farm or their medical providers were paid by State Farm in an amount less than the amount of the submitted medical expenses; and (e) were paid and/or their medical providers were paid by State Farm a total, combined amount less than the Med-pay or PIP policy limit stated in the Policy under which the claim was submitted.

21.   Excluded from the Class are Defendant, any parent, subsidiary, affiliate, or controlled person of Defendant, as well as the officers, directors, agents, servants or employees of Defendant and the immediate family members of any such person. Also excluded is any judge who may preside over this cause of action.

22.   The exact number of the Class, as herein identified and described, is not known but it is estimated to number in the thousands. The class is so numerous that joinder of individual members herein is impracticable.

23.   There are common questions of law and fact in the action that relate to and affect the rights of each member of the class and the relief sought is common to the entire class. In particular, the common questions of fact and law include:

   (A)   Whether or not State Farm was entitled to take network discounts with providers they lack privity of contract with;

   (B)   Whether or not State Farm paid its insured medical bills, on an accruing basis, within 30 days, as required by A.C.A. 23-889-208;

   (C)   Whether State Farm's actions amounts to breach of contract; and



(D) Whether State Farm was unjustly enriched as a result of the alleged actions.

24. The claims of the Plaintiff, who is representative of the class herein, are typical of the claims of the proposed class, in that the claims of all members of the proposed class, including the Plaintiff, depend on a showing of the acts of Defendant giving rise to the right of Plaintiff to the relief sought herein. There is no conflict between the individually named Plaintiff and other members of the proposed class with respect to this action, or with respect to the claims for relief set forth herein.

25. The named Plaintiff is the representative party for the class, and is able to, and will fairly and adequately protect the interests of the class. The attorneys for Plaintiff and the Class are experienced and capable in complex civil litigation, insurance litigation and class actions.

26. The class action procedure is superior to all other available methods for the fair and efficient adjudication of this controversy. This action would permit a large number of injured persons to prosecute their common claims in a single forum simultaneously, efficiently and without unnecessary duplication of evidence and effort. Class treatment also would permit the adjudication of claims by class members whose claims are too small and complex to individually litigate against a large corporate defendant.

27. As relief for these violations of Arkansas law, Plaintiff seeks, *inter alia*: 1) a declaratory judgment determining that Defendant has violated Arkansas law by discounting the value for medical services based upon "network" discounts; 2) an order requiring Defendant to pay monetary restitution in the amount of the "network" discount



taken up to the limit of each insured's MedPay/PIP policy, 12% penalty, pre and post judgment interest and attorney fees under Ark. Code Ann. § 23-89-208; and 3) a permanent injunction preventing Defendant from further violating Arkansas law by taking illegal discounts for medical serviced provided to its insured's.

28. Thus, alternatively, certification is appropriate under Rule 23(b)(2) because it is clear that declaratory relief is appropriate respecting the Class as a whole.

## CAUSES OF ACTION

### Count I
### Breach of Contract

29. Plaintiff, hereby repeats and realleges all preceding paragraphs contained herein.

30. Plaintiff and the Class entered into a contract of insurance with State Farm. The insurance contract between Plaintiff and all other similarly situated insureds and Defendant contained a Med Pay and/or PIP coverage provision, which provided that Defendant would pay for reasonable medical expenses resulting from injuries sustained by its insureds in automobile accidents up to $5000.00.

31. Pursuant to Ark. Code Ann. § 23-89-208, when an insurer fails to pay benefits when due, "the person entitled to the benefits may bring an action in contract to recover them."

32. Here, State Farm has failed to pay benefits when due by improperly paying covered medical expenses at reduced, discounted rates to which State Farm was not entitled, thereby breaching its contract of insurance with Plaintiff and the Class.

33. As a result of the foregoing, Plaintiff and other members of the Class have suffered damages.



## COUNT II
### Declaratory Judgment

34. Plaintiff, hereby repeats and realleges all preceding paragraphs contained herein.

35. An actual case and controversy within the meaning of the Arkansas Declaratory Judgment Act, Ark. Code Ann. § 16-111-101, *et seq.*, which may be adjudicated by this Court exists between Plaintiff, and proposed class members, and the Defendant.

36. Plaintiff and all members of the proposed class have, had or were covered under a contract of automobile insurance with Defendant. Defendant's contract for automobile coverage provides that its insureds are treated consistent with the requirements of the laws and regulations of the appropriate state. Arkansas law controls how the Defendant's insured customers who reside in Arkansas must be treated by Defendant.

37. The automobile insurance contract between Plaintiff and all other similarly situated insureds and Defendant contained a Med Pay and/or PIP coverage provision which provided that Defendant would pay for reasonable medical expenses resulting from injuries sustained by its insureds in automobile accidents.

38. The contract of insurance between the Plaintiff, as well as all others similarly situated, and Defendant provided that Defendant would pay the reasonable and necessary medical expenses up to the contracted Med Pay/PIP amount contained in the policy.



39. Pursuant to statute, well-settled Arkansas law, and its policy, State Farm is required to remit full payment for its insured's reasonable medical bills within 30 days on an accruing basis.

40. State Farm is in violation of this requirement by failing to remit full payment to the Class members' medical providers on the basis of purported "network" adjustments, despite the fact that Class members' medical providers have no such agreement to accept a network adjustment in place with State Farm.

41. Defendant, as a common policy and general business practice, discounts the plaintiff's medical bills and refuses to pay the full balances within 30 days as required by law. Accordingly, Defendant has and continues to violate Arkansas law.

42. As a result of these violations of Arkansas law, Plaintiff and the proposed class members have been injured. Plaintiff and proposed class members damages include the amount of illegally discounted funds that Defendant has withheld. Defendant, through its illegal actions, has kept and continues to keep for itself a portion of the Plaintiff's Med Pay/PIP benefit. Therefore, restitution, including 12% penalty, pre and post judgment interest and attorney fees under Ark. Code Ann. § 23-89-208, is appropriate, as well as other legal and equitable relief.

43. If not permanently enjoined by this Court, Defendants will continue to illegally discount their insured's medical benefits keeping the ill gotten benefits for themselves. This course of conduct has caused the Plaintiff and proposed class and will continue to cause the Defendant's insured's irreparable injury, including but not limited to monetary damage. Therefore, injunctive relief is appropriate, as well as other legal and equitable relief.



WHEREFORE, Plaintiff and the Class respectfully requests judgment as follows:

a)  declaring that Defendant's actions of discounting their insured's medical bills under the Med Pay/PIP provision of its insurance policy violate Arkansas law;

b)  compensatory damages and restitution, including pre-judgment and post-judgment interests, 12% penalty, and attorney fees to the Plaintiff, and all proposed class members, of 100% of discounted medical benefits up the limits of each individual Med Pay/Pip policy that Defendant has illegally taken from its insureds;

c)  such other legal and equitable relief as the Court may deem appropriate, including costs and attorney's fees.

### JURY DEMAND

Plaintiff and the Class members hereby request a trial by jury.

Respectfully submitted,

_____
BILL HORTON (AR Bar #022__)
NOLAN, CADDELL & REYNOLDS, P.A.
5434 Walsh Lane
Rogers, AR 72758
Tel: (479) 464-8269
Fax: (479) 464-8287

And

HANK BATES (ABN 98063)
RANDALL K. PULLIAM (ABN 98015)
TIFFANY WYATT OLDHAM (ABN 2001287)
**CARNEY BATES & PULLIAM, PLLC**
11311 Arcade Drive, Suite 200
Little Rock, AR 72212
Tel: (501) 312-8500
Fax: (501) 312-8505



*Counsel for Proposed Plaintiff Class*

## CERTIFICATE OF SERVICE

I, the undersigned, state upon oath that I have caused a true and correct copy of the above and foregoing Complaint to Defendant to be placed in the mail, postage prepaid to:

WATTS, DONOVAN & TILLEY, P.A.
200 RIVER MARKET AVE., SUITE 200
Little Rock, AR 72201

Dated this 10th day of December, 2013

_____
Bill G. Horton